IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEVONTE KING,<br><br>              Plaintiff,<br><br>vs.<br><br>JOEL JAY,<br><br>              Defendant. | **8:21CV242**<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff was a prisoner at the Lincoln County Detention Center when he filed his Complaint on June 25, 2021, but he was released from custody on July 15, 2021. (See Filings 1, 7.) Plaintiff has been granted leave to proceed in forma pauperis as a nonprisoner. (See Filings 3, 8.) The court will now conduct an initial review of Plaintiff's Complaint (Filing 1).

I. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) & 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff complains he is being held in jail without bail and is being denied his right to due process, his Sixth Amendment right to a speedy trial before a jury, his Fifth Amendment right against self-incrimination, and his Eighth Amendment right against cruel and unusual punishment. Plaintiff also claims a pending criminal charge, for driving without a license, is unconstitutional because it impinges upon his right to travel.

Plaintiff alleges, "I was arrested for involuntary servitude I did not consent to see a doctor from [defendant] Joel Jay against my right to life liberty and the pursuit of happiness." He further alleges that since June 17, 2021, the defendant has been "trespassing by way of forgery unlawful orders and threats" and has acted arbitrarily.

For relief, Plaintiff wants to be released from jail until he is found guilty of a crime, and he seeks to recover $75,000 in damages. The first request for relief is now moot because Plaintiff has been released from jail.

2

## III. DISCUSSION

Liberally construing the allegations of Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The court takes judicial notice that the defendant, Joel Jay, is a Judge of the County Court for the 11th Judicial District of Nebraska, and is the presiding judge for three criminal cases pending against Plaintiff in Lincoln County, Case Nos. CR-21-482, CR-21-534, and CR-21-604. In each case, Judge Jay entered an order on June 17, 2021, revoking Plaintiff's bond and remanding him to the Lincoln County Detention Center for a competency evaluation. On July 15, 2021, Plaintiff was found competent, and his bond was reinstated.[1]

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

---

[1] The court may take judicial notice of judicial opinions and public records and include them in its consideration of a case. *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005). Nebraska's judicial records may be retrieved online through the JUSTICE website, https://www.nebraska.gov/justice. Judge Jay's credentials are available online at https://supremecourt.nebraska.gov/hon-joel-b-jay.

3

Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there initially. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. D. Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). Because Plaintiff is involved in ongoing state criminal proceedings where he necessarily will be allowed to challenge the validity of the charges against him, the court finds *Younger* abstention is appropriate. It cannot reasonably be inferred from Plaintiff's conclusory allegations that the criminal proceedings are being conducted in bad faith or for the purpose of harassment, or that there is any other extraordinary circumstance to justify federal court interference or intervention.

When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). In cases where damages are sought, traditional abstention principles generally require a stay as the appropriate mode of abstention rather than a dismissal. *Night Clubs, Inc.*, 163 F. 3d at 481 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 720 (1996)). Here, although Plaintiff prays for an award of damages, such relief is not available as a matter of law.

Because Plaintiff does not specify that Judge Jay is sued in his individual capacity, it must be presumed that he is sued only in his official capacity. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (internal citations omitted).

County court judges in Nebraska are state officials. *Bartunek v. United States*, No. 8:18CV336, 2018 WL 5264274, at *3, n. 3 (D. Neb. Oct. 23, 2018); *see York v. Dunning*, No. 8:16-CV-175, 2016 WL 3983261, at *3 (D. Neb. July 25, 2016) (county court judges are not agents of the county; they are state employees); Neb. Rev. Stat. §§ 24-501 *et seq.* Section 1983 provides for an action against any "person" who violates another's federal statutory or constitutional rights. 42 U.S.C. § 1983. The Supreme Court has clarified that "neither a State nor its officials acting in their

4

official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and employees of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).

Even when sued personally, a judge is immune from suit under section 1983 in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal quotation and citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal quotation and citations omitted).

Here, although it is alleged that Judge Jay violated Plaintiff's constitutional rights, there are no facts alleged to suggest that Judge Jay acted outside the scope of his duties as a member of the Nebraska judiciary. Nebraska law provides that county court judges have jurisdiction in any criminal matter classified as a misdemeanor. *see* Neb. Rev. Stat. § 24-517(6), which is the nature of the charges filed against Plaintiff. County court judges also have authority to order medical, psychiatric, or psychological evaluation to determine a criminal defendant's competency to stand trial. *See* Neb. Rev. Stat. §§ 29-1823(1).

## IV. CONCLUSION

The court finds that *Younger* abstention is appropriate in this case because of Plaintiff's ongoing criminal proceedings in state court. The court further finds that dismissal is the appropriate method for abstention because Plaintiff's damage claims are barred as a matter of law.

5

IT IS THEREFORE ORDERED:

1. This action is dismissed without prejudice.

2. Judgment shall be entered by separate document.

Dated this 27th day of July 2021.

                                  BY THE COURT:

                                  *Richard G. Kopf*

                                  Richard G. Kopf
                                  Senior United States District Judge